## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SABELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04-cv-02835-RBP-RRA |
| | ) | |
| MARTHA JORDAN, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OF OPINION</u>

The magistrate judge filed a report and recommendation on October 25, 2005, recommending that plaintiff's constitutional (*Bivens*) claims against all defendants be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1), and his Federal Tort Claims Act claims against all defendants (a.k.a. the United States) be DISMISSED.  Finally, the magistrate judge recommended that plaintiff's request for injunctive relief be deemed MOOT.  On November 16, 2005, plaintiff filed objections to the report and recommendation and requested permission to amend his complaint.  (Doc. 9).

The objections meriting discussion are as follows.  In his complaint, plaintiff states he "attempted a number of times to obtain a BP-9 to grieve his injury [a broken tail bone] and lack of adequate medical treatment while he was still housed in the Special Housing Unit." (Doc. 1, at 2).  The only factual basis he provides for this assertion in the body of his complaint is that he asked for but was denied a grievance form on October 8, 2004, in order to complain about the medical care for his tail bone and the quality of the wheelchair he

received.  *Id.* at 4.  Plaintiff was able to secure a BP-10 sensitive grievance form, and did file a grievance concerning his medical care to the Regional Director, but did not file an BP-11 form appeal to the General Counsel when he received no response from the Regional Director.  In his objections (doc. 9), plaintiff argues that he did exhaust the administrative remedies available to him because he attempted to receive but was denied grievance forms. Moreover, he did not attempt to file a BP-11 because he had not received a response to his BP-10 form, and a copy of the BP-10 response needed to be attached to his BP-11 appeal. Plaintiff's objections are without merit.

The Eleventh Circuit has strictly applied the mandatory exhaustion of administrative remedies requirement in § 1997e(a).  *Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998).  This application is rooted in the Supreme Court's instruction that "'[w]here Congress specifically mandates, exhaustion is required.'"[1]  Further, the Eleventh Circuit has decided that "the term 'available' in section 1997e(a) is [simply] used to acknowledge that not all prisons have administrative remedy programs," not that a court must gauge the merits of the remedies, if provided.[2]  As such, an inmate must exhaust his administrative remedies even if the relief provided by the grievance procedure or the grievance procedure itself appears to be inadequate and futile.[3]  This too, relies upon the Supreme Court's finding that "where

---

[1] *Id.* at 1325 *citing McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct.1081, 1086, 117 L.Ed. 291 (1992).

[2] *Id.* at 1326.

[3] *Id.* "1997e(a) merely provides for such 'administrative remedies as are available'" thereby allowing the court to focus only on the existence of an administrative remedy and preventing the court from determining whether such remedies are adequate or effective.

exhaustion is a statutorily specified jurisdictional prerequisite, 'the requirement. . . may not be dispensed with merely by a judicial conclusion of futility.'"[4]   That plaintiff believes that filing a BP-11 would have been an exercise in futility does not mean a procedure was not available to him.  Therefore, plaintiff failed to exhaust the administrative remedies available to him.  Regardless, as stated in the magistrate judge's report and recommendation, even if plaintiff had exhausted his administrative remedies, he failed to state a claim upon which relief could be granted against the named defendants to his constitutional claims.

Plaintiff also requests permission to amend his complaint in order to state a claim against "Lieutenant Vise for his actions in kicking [plaintiff] when he was down on the floor with his injury. . . ." and for other unidentified "adverse actions."  (Doc. 9, at 2).  He desires to sue housing unit manager Ms. Owens for her failure to provide him grievance forms when he requested.  *Id.* at 2-3.  Finally, he desires to sue Assistant Warden Gravette for failing to assist him with his health problems and grievance forms.  *Id.* at 3.  Plaintiff's motion to amend the complaint is due to be DENIED.  It is undisputed that plaintiff did not attempt to utilize any of the prison's administrative remedies in order to complain about Lt. Vise, Ms. Owens or Assistant Warden Gravette.  Therefore, he did not exhaust the administrative remedies available to him and cannot proceed with a civil rights complaint against the proposed defendants.

Therefore, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is

---

[4] *Id.,*(*citing Weinbergerv. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed. 522 (1975)).

of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  Additionally, plaintiff's FTCA claims are due to be DISMISSED WITH PREJUDICE because plaintiff failed to file a claim with the appropriate federal agency within two (2) years of the date his allegations accrued as is required by 28 U.S.C. § 2401(b).

Accordingly, plaintiff's constitutional (*Bivens*) claims against all defendants are due to be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1), and his Federal Tort Claims Act claims against all defendants (a.k.a. the United States) are due to be DISMISSED WITH PREJUDICE. Plaintiff's request for injunctive relief is due to be deemed MOOT, and his motion to amend the complaint is due to be DENIED. An appropriate order will be entered.

DATED this 27th day of December, 2005.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**